UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL KEITH HENLEY,<br><br>     Movant,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | 5:18-CV-05005-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

  Movant, Michael Keith Henley, a federal inmate at the Big Sandy United States Penitentiary in Inez, Kentucky, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

**FACTS**

  Mr. Henley pled guilty to possession with the intent to distribute a controlled substance. On March 18, 2011, he was sentenced to 117 months' imprisonment. Mr. Henley did not file a direct appeal. Mr. Henley filed this § 2255 action over five years later, on January 23, 2018.

**DISCUSSION**

  This Court conducted a preliminary review of Mr. Henley's petition as required by Rule 4. Believing that Mr. Henley's petition may be time-barred, the court issued an order to show cause directing both the government and Mr. Henley

to file briefs with the court, setting forth documentation and other appropriate authority as to whether Mr. Henley's petition should be dismissed on statute of limitations grounds.  See Docket No. 8.  The court set forth in its order the relevant law applicable to the statute of limitations for § 2255 motions, including the law of equitable tolling.  Id.  The deadline for the parties' briefs was February 26, 2018.  Id.

Mr. Henley filed a brief with the court pursuant to the order to show cause on February 5, 2018, arguing that his § 2255 motion should be considered timely.  See Docket No. 9.  The government filed a brief indicating its agreement with the court's analysis that Mr. Henley's motion was time-barred.  See Docket No. 10.

There is a one-year statute of limitations relevant to Section 2255 motions:

**(f)**  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—

**(1)**  the date on which the judgment of conviction becomes final;

**(2)**  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)**  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)**  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates.  See 28 U.S.C. § 2255(f).  Only one is relevant here–"the date on which the judgment of conviction becomes final."  Id.  A

2

judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied...]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

In Mr. Henley's case, the statute of limitations began to run on April 1, 2011 (14 days following the entry of his judgment), and he had until April 2, 2012, to file a § 2255 motion. See 28 U.S.C. § 2255(f). Mr. Henley did not file his § 2255 motion until January 23, 2018. His motion is clearly time-barred unless equitable tolling applies.

The doctrine of equitable tolling has been extended to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

3

Equitable tolling is only applicable in two instances: "(1) if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional citation omitted). Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2255] petition." E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

Mr. Henley has not satisfied his burden to demonstrate the applicability of equitable tolling to his case. Mr. Henley has not shown extraordinary circumstances beyond his control kept him from timely filing his motion. He has also failed to demonstrate that the government's actions lulled him into not filing.

The court finds that Mr. Henley did not act with due diligence by waiting over 5 years to file the instant motion. Mr. Henley has therefore failed to make the required showing in order for the doctrine of equitable tolling to apply to his case. Accordingly, the court recommends dismissal of Mr. Henley's motion with prejudice.

## CONCLUSION

This magistrate judge respectfully recommends dismissing Mr. Henley's motion to vacate, correct or set aside his sentence for the reason that the motion is untimely and Mr. Henley has not demonstrated grounds for the application of the

4

doctrine of equitable tolling.  Dismissal for statute of limitations grounds is dismissal with prejudice.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED March 7, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge