UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL KEITH HENLEY,<br><br>　　　　　　Movant,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | 5:18-CV-05005-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

　　Movant, Michael Keith Henley, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Henley's motion be dismissed. Docket 12.

　　Magistrate Judge Duffy recommends dismissal because Henley's motion is time-barred under the 1-year statute of limitation in 28 U.S.C. § 2255(f). *Id.* Magistrate Judge Duffy found that equitable tolling did not apply. *Id.*

　　Henley objects to the report and recommendation. Docket 14. He argues that the 1-year statute of limitation does not apply because he has raised constitutional issues, namely that he was denied effective assistance of competent counsel.

　　All habeas petitions that are filed to vacate a sentence are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010). Magistrate Judge Duffy found that Henley did not pursue his rights diligently, and his objection does not present an argument that he did. Henley's claims concerning his attorney's deficiencies do not constitute an "extraordinary circumstance" that prevented him from timely filing his motion. These allegedly deficient actions were taken before Henley's judgment became final and therefore before his 1-year statute of limitation began to run. For these reasons, Henley is not entitled to equitable tolling.

Before denial of a § 2255 motion may be appealed, a movant must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Henley has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Henley's objections to the report and recommendation (Docket 14) are overruled.

2. The report and recommendation (Docket 12) is adopted in full. Henley's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed.

3. A certificate of appealability is not issued.

4. Henley's motion to proceed in forma pauperis (Docket 4) is denied as moot.

Dated April 3, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE